IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:24-cv-00079-MR

| | |
|---|---|
| **ALBERT ANDERSON,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**FNU MCMILLIAN, et al.,** )<br>)<br>**Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. Also pending are the Plaintiff's Motion to Appoint Counsel [Doc. 4], Motion for Examination [Doc. 7], Motion to Seal the Complaint [Doc. 8], and "Letter Motion" [Doc. 9]. The Plaintiff is proceeding in forma pauperis. [Doc. 10].

**I.    BACKGROUND**

The incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Marion Correctional Institution. [Doc. 1]. The Plaintiff names as Defendants: the Alexander CI; FNU McMillian, a medical provider; Jane Doe, a nurse; and John Doe, a correctional officer. The Plaintiff appears to asserts claims for violations of the Fourth Amendment and of DPS Policy and Procedure. [Doc.

1 at 3, 13-14]. He alleges that when he sought treatment for constipation, Defendant McMillian sexually assaulted him and "inserted a device inside [his] anal area" which allows DPS to spy on him, control his thoughts, show him illusions, and obstruct justice; that this happened when Plaintiff was in full restraints; and that the other Defendants failed to intervene in McMillian's "terrorist attack." [Id. at 4-5, 8, 12-13]. For injury, the Plaintiff claims:

> Plaintiff has suffered 1983 and is requesting the Court to take extra measurements to assure that this type of deprivation doesn't happen again the Plaintiff is currently under a thing amongst himself asking what has the world come to this is more effective than the Twin Towers falling to participate in a variety of computer programming log mechanism to terroristes as if the Plaintiff is a foron world emperor inabling the Full Production of his Complaint due to a breach of Plaintiff's confidentiality rights stomach pain abdomin.

[Id. at 4] (errors uncorrected). The Plaintiff seeks: $170 million in compensatory, nominal, and punitive damages; "compensation from official capacity claims from his prior Complaints[1] to be granted"; a lifetime of health, dental, and life insurance; to be "banded from DPS closed, and medium

---

[1] The Plaintiff fails to identify the "prior Complaints" to which he refers and, to the extent that he is attempting to incorporate by reference a pleading from another case, such is improper. See 5A Fed. Prac. & Proc. Civ. § 1326 ("Although Rule 10(c) is not expressly limited to pleadings in the same action, it has been held that allegations in pleadings in another action, even if between the same parties, cannot be incorporated by reference."). Moreover, the Plaintiff has been informed repeatedly in other actions that "[p]iecemeal amendment will not be permitted." [1:23-cv-362, Doc. 12 at 5; see 1:23-cv-108, Doc. 14 at 8 (same)].

custody"; a mental health evaluation; and to be pardoned for the charges that were committed on September 26, 2023. [Doc. 1 at 5, 15].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff's allegations are so outlandish and unmoored from reality that the Court is unable to discern any potentially plausible claim under § 1983. See 28 U.S.C. § 1915(e)(2)(B)(i); Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"), abrogated on other grounds by Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020). Accordingly, the Complaint fails initial review as frivolous. At this stage, the Court similarly declines to parse through the Plaintiff's allegations and address other deficiencies in the Plaintiff's Complaint.

In his Motion to Appoint Counsel, the Plaintiff argues that he is unable to litigate this action pro se because the device inside of him enables the Defendants to "listen to the Plaintiff on a computer program," and to "dictate the Plaintiff's proceedings…." [Doc. 4 at 1-2]. A plaintiff must present "exceptional circumstances" to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff here has not presented exceptional circumstances that justify appointment of counsel, and the Motion is denied as frivolous.

In the Plaintiff's Motion for Examination, he argues that he is in imminent danger from being "wired inappropriately," and he seeks emergency examination by a doctor because the device implanted inside him is "detect[ing] … every though process…." [Doc. 7 at 1-2]. This Motion is denied as frivolous and requires no serious discussion.

In his "Letter Motion" the Plaintiff demands a jury and seeks an update on the status of his case and his request for counsel. [Doc. 9]. The Letter Motion will be denied as moot because the Complaint has failed initial review and the Plaintiff will be granted the opportunity to amend, at which time he may demand a jury; he was mailed a copy of the docket sheet to apprise him of the case's status; and his request for counsel has been denied.

In his Motion to Seal the Complaint, the Plaintiff claims that he is "in danger of publicity" due to the device inside him, which may lead a jury to find in the Defendants' favor. [Doc. 8]. Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). The Plaintiff's Complaint is frivolous, addresses matters that are already publicly available,[2] and presents no genuine concern regarding pretrial publicity. As the Plaintiff has presented no legitimate basis for sealing the Complaint, his Motion will be denied.

The Court notes that the Plaintiff has recently filed several § 1983 actions in this Court that are scattershot, frivolous, and/or duplicative. See, e.g., Anderson v. Reep, No. 1:23-cv-362-RJC, 2024 WL 1633868 (W.D.N.C. Feb. 1, 2024) (dismissing the complaint on initial review as scattershot, then dismissing the case for lack of prosecution when Plaintiff failed to amend), appeal filed April 11, 2024; Anderson v. Goodsum, No. 1:23-cv-108-MOC,

---

[2] The Plaintiff filed an unsealed Complaint in another action in this Court which addresses the same alleged incidents and which has been dismissed as duplicative, Case No. 5:24-cv-81-KDB.

6

Case 5:24-cv-00079-MR   Document 14   Filed 04/30/24   Page 6 of 8

2023 WL 5516309 (W.D.N.C. Aug. 25, 2023) (dismissing the complaint on initial review on grounds including frivolity), appeal filed Nov. 1, 2023; Anderson v. Dye, No. 5:21-cv-168-MR, 2022 WL 1213619 (W.D.N.C. April 23, 2022) (dismissing the action as frivolous); Anderson v. McMillian, 5:24-cv-81-KDB (dismissing the action as duplicative of the instant case).

**The Plaintiff is cautioned that any further frivolous, duplicative, or otherwise abusive filings in this Court may result in the imposition of sanctions including a prefiling injunction.**

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

3. The Plaintiff's Motion to Appoint Counsel [Doc. 4] is **DENIED.**

4. The Plaintiff's Motion for Examination [Doc. 7] is **DENIED.**

5. The Plaintiff's Motion to Seal the Complaint [Doc. 8] is **DENIED**.

6. The Plaintiff's Motion for the Appointment of Counsel [Doc. 9] is **DENIED**.

7. The Plaintiff is cautioned that any further frivolous, duplicative, or otherwise abusive filings in this Court may result in the imposition of sanctions including a prefiling injunction.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: April 30, 2024

Martin Reidinger
Chief United States District Judge