IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:24-cv-00079-MR

| | |
|---|---|
| ALBert ANDERSON, ) | |
| Plaintiff, ) | |
| vs. ) | |
| FNU MCMILLIAN, et al., ) | **ORDER** |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's pro se "Petition for Rehearing." [Doc. 18].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983. [Doc. 1]. On April 30, 2024, the Court dismissed the Complaint on initial review and provided the Plaintiff the opportunity to amend. [Doc. 14]. The Court noted that a duplicative § 1983 action had been dismissed without prejudice, Case No. 5:24-cv-00081-KDB. [See id. at 6, n.2]. Rather than amending his Complaint, the Plaintiff appealed to the Fourth Circuit, Case No. 24-6492. [See Doc. 17].

On May 23, 2024, the Plaintiff filed the instant "Petition for Rehearing" that is liberally construed as a Motion to Alter or Amend pursuant to Rule 59(e). See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir.

2010) (where a request for reconsideration is filed within twenty-eight days after the final judgment, Rule 59(e) controls); see also Fed. R. Civ. P. 59(e) (stating that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"). A Rule 59(e) motion to alter or amend may only be granted: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

As a preliminary matter, the Court notes that it has jurisdiction to consider Plaintiff's Rule 59(e) motion during the pendency of Plaintiff's appeal. See Fed. R. App. P. 4(a)(4)(A)(iv) ("If a party files in the district court [a Rule 59 motion to alter or amend the judgment] – and does so within the time allowed by [that rule] – the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion"); Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) [including a Rue 59 motion to alter or amend] – the notice

becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered").

Here, the Plaintiff argues that "the duplicated filing [was] no fault of [his] own by proof of the Title 1, United States Justice Manual in which … the Plaintiff [is] requesting summons forms to proceed in this action." [Doc. 18 at 1]. He seeks "review[ ] by a supervisor who is not implicated by the allegation" pursuant to the U.S. Attorney's Manual. [Id. at 2]. These conclusory and nonsensical arguments fail to identify any intervening change in law, new evidence, or clear error of law. The Plaintiff appears to disagree with the Court's Order on initial review of the Complaint, and he cites rules that are inapplicable to this action. The Plaintiff has presented no basis for Rule 59(e) relief and, accordingly, the Motion to Alter or Amend is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Petition for Rehearing" [Doc. 18] is construed as a Rule 59(e) Motion to Alter or Amend and it is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 10, 2024

Martin Reidinger
Chief United States District Judge