IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:24-cv-00079-MR

| | |
|---|---|
| ALBERT ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU MCMILLIAN, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion/Request for Expenses Construde [sic]" [Doc. 22].

The Plaintiff, who is proceeding in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Marion Correctional Institution.[1] [Doc. 1]. He is presently a pretrial detainee at the Davie County Detention Center (DCDC) in Mocksville, North Carolina. The Court dismissed the Complaint as frivolous on initial review and the Plaintiff was granted the opportunity to amend. [Doc. 14]. Rather than amending, the Plaintiff filed an appeal in the Fourth Circuit Court of

---

[1] The Plaintiff was incarcerated at the Marion CI when he initiated this action. The North Carolina Department of Adult Corrections' website indicates that he completed his sentence on June 22, 2024. See https://webapps.doc.state.nc.us/opi/offendersearch.do?method=list (last accessed Nov. 1, 2024); Fed. R. Evid. 201.

Appeals, Case No. 24-6492, which is still pending. [See Doc. 15 (misrouted notice of appeal); see also Doc. 19 (denying reconsideration)].

In his present "Motion/Request…," the Plaintiff seeks $20,000 for an attorney and supplies to "fully litigate [his] claims…." [Doc. 22 at 1]. He complains *inter alia* that the DCDC sells manila envelopes but not accompanying First-Class postage stamps;[2] that mail does not go out "at the right time" and it has to be "approved," which makes it difficult to comply with filing deadlines;[3] and that supplies, including books, legal papers, envelopes, and paper, are limited. He argues that the foregoing conditions are "impeding the Plaintiff full potential of access to the courts." [Id.]. He appears to contend that these conditions prejudiced him in "Case 1:24cv22 Anderson v. Davie County Jail." [Id.].

The Plaintiff appears to refer to Anderson v. Novant Health, 1:24-cv-22-LCB-LPA, a closed case in the United States District Court for the Middle

---

[2] The Plaintiff's Notice of Change of Address informing the Court of his transfer to the DCDC and his subsequent filings from the DCDC have been mailed to the Court with "Forever" stamps, which are the equivalent of First-Class stamps according to the U.S. Postal Service website. See https://about.usps.com/news/fact-sheets/forever-stamp-facts.htm#:~:text=In%202011%2C%20all%20first%2Dclass,may%20change%20in%20the%20future. (last accessed Nov. 1, 2024); Fed. R. Evid. 201.

[3] The Plaintiff is reminded that inmates' filings may receive the benefit of the prisoner mailbox rule, when applicable. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

District of North Carolina where the DCDC is located. In that case, which is presently pending on appeal (Fourth Circuit Case No. 24-6260), the Plaintiff has complained about the availability of legal supplies at the DCDC and has requested $20,000 for expenses and "work." [See, e.g., 24-6260 Doc. 25]. This Court declines to address the Plaintiff's present complaints that the lack of legal supplies and other conditions allegedly prejudiced him in Case No. 1:24-cv-22 because those incidents occurred in the Middle District where the DCDC is located, and these matters are presently pending in the Fourth Circuit.

Insofar as the Plaintiff is asking this Court to grant him funds for supplies and legal assistance in the instant case, this is denied without prejudice. The Plaintiff has filed a Notice of Appeal [Doc. 15], thereby divesting this Court of jurisdiction over this matter. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58–59 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Liberally construing the "Motion/Request…" as a motion to appoint counsel, this too is denied without prejudice to renewal before the Court of Appeals, where this matter is currently pending.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion/Request for Expenses…" [Doc. 22] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed: November 5, 2024

Martin Reidinger
Chief United States District Judge